HENDRY, Judge.
Appellant, plaintiff below, appeals a final summary judgment entered by the trial court in favor of appellee, defendant below.
Appellant filed a complaint for damages against appellee who, subsequently, filed a motion for summary judgment. On July 5, 1975, the trial court granted appellee’s motion. From the final summary judgment, appellant appeals.
Among other points, appellant contends that it was a holder in due course, as defined in Section 673.305, Florida Statutes (1975), of certain negotiable instruments on which appellee was the maker. As such a holder in due course, appellant argues that, based on the facts of this case, it was free from the defenses of appellee in regard to the enforceability of the negotiable instruments, here checks, against him. See Section 673.305 Florida Statutes (1975).
*51 In our opinion, at the time the trial court entered the final summary judgment, there existed a genuine issue of a material fact, i. e., whether or not appellant was a holder in due course of the negotiable instruments on which appellee was the maker. Therefore, it was improper for the trial court, at that stage in the proceedings, to enter a final summary judgment in favor of appellee. Fla.R.Civ.P. 1.510.
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that reversible error has been demonstrated. Therefore, for the reason stated and upon the authority cited, the final summary judgment appealed is reversed and remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.